Welch, J.
The grounds assumed by counsel for defendants in .support of the demurrer, and of the judgment sustaining the same, .are: 1. That the commissioners never had the right to maintain such action; 2. That it is barred by the statute of limitations.
In the case of The State of Ohio v. Piatt et al., this court expressly decided that the commissioners of the county might sustain .a suit, in the name of the State of Ohio for their use, upon the -official bond of the clerk, to recover costs, fines, and other money required by law to be paid overby him to the county treasurer. The law then in force was the act of 1839 (S. & C. 642), which is still unrepealed. The authority of this ease seems not to be denied by the counsel for defendants; but it is said that the right so to sue is superseded or extinguished by the seventh section of the .act of March 22, 1850. S. & C. 249. That section provides that, in case of the clerk’s failure to pay over to the county treasurer ■such unclaimed costs, and other money, so required to be paid by 526] the*clerk, “He or his sureties shall be liable to, and shall pay a fine of not less than three nor more than five hundred dollars, which shall be collected by the county commissioners, in an action of debt in the name of the county, against such clerk or his ■sureties, before the court of common pleas.”
It seems plain to us, that the penalty provided in this section is to be understood as a cumulative or additional remedy, and not as .a substitute for the right to recover the money due the county. It is a mere punishment to be inflicted upon the clerk'for neglect of* duty. The maximum amount of the fine ($500) is far below the ■sum that might be expected to be received in some of the large counties of the state, and the minimum amount above what might bo expected in smaller counties. The same act provides like penalties against the sheriff, prosecuting attorney, and treasurer, for } neglect of duties other than the non-payment of money. The act ! seems not^to be intended or adapted to give compensation to parties , aggrieved by the neglect of the duties imposed, but to punish the ..officers guilty of the neglect. The costs, and other money of third : persons, so paid by the clerk into the county treasury, or recovered by action on the bond, remain in the treasury for the use of the parties entitled thereto. Not so with the penalty recovered under *479 the act of 1850; that belongs absolutely to the county. We think the right to recover this money, and to hold the same for the use and benefit of parties entitled thereto still remains in the county, notwithstanding the penalties provided by the act of 1850.
But was the action barred by the statute of limitations? The cause of action arose after the taking effect of the code of civil pro•cedure, and is therefore governed exclusively by it, and not in part, ns counsel seem to suppose, by the act of 1831. The clerk •came into office February 9, 1852. On the first Monday of January, 1853, he was bound to make out his first list, and to post it up at the next term of court; and a year thereafter, say about March, 1854, the money first became payable to the county. The whole right of the plaintiffs, therefore accrued after the taking effect of the code, which was on the 1st of 'June, 1853.
As to the question argued by counsel, whether, if the case *is governed by the code, it comes under the provisions of section 17, limiting actions on certain bonds to ten years, or, under section 14, limiting liabilities created by statute to six years, we need only say that it was expressly decided at the last term of this court, in King at al. v. Nichols et al.† It was there held: “ That an action on a sheriff’s official bond, for a breach occurring after the code took effect, is not barred by the limitation provided in the code until ten years after such breach.” Less than ten years having elapsed in this case, there was no bar to the plaintiff’s right to sue.
The júdgment of the common pleas will therefore be reversed, the demurrer overruled, and the cause remanded to the common pleas for further proceedings.
Scott, C. J., and Day, White, and Brinkerhoee, JJ., concurred.

Ante, 80.